UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| MICHAEL S. POLSKY, ESQ., WIS. STATS. CHAPTER 128 RECEIVER OF SCHOEP'S ICE CREAM CO., INC., | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 20-cv-186 |
| | ) | |
| vs. | ) | |
| | ) | |
| HIGH ROAD CRAFT ICE CREAM, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendant High Road Craft Ice Cream, Inc. ("Defendant" or "High Road"), by and through its undersigned counsel, raising defenses, answers Plaintiff's Complaint as follows:

1.     The Order referenced in Paragraph 1 of the Complaint speaks for itself and no response is necessary to Plaintiff's characterizations of the Order. To the extent the characterizations in Paragraph 1 of the Complaint are intended to impute liability to Defendant, those characterizations are denied.

2.     Admitted.

3.     Admitted.

4.     Paragraph 4 of the Complaint calls for legal conclusions to which no response is required. To the extent the allegations in Paragraph 4 of the Complaint are intended to impute liability to Defendant, those allegations are denied.

5.      The Agreement referenced in Paragraph 5 of the Complaint speaks for itself and no response is necessary to Plaintiff's characterizations of the Agreement. To the extent the characterizations in Paragraph 5 of the Complaint are intended to impute liability to Defendant, those characterizations are denied.

6.      The Agreement referenced in Paragraph 5 of the Complaint speaks for itself and no response is necessary to Plaintiff's characterizations of the Agreement. To the extent the characterizations in Paragraph 5 of the Complaint are intended to impute liability to Defendant, those characterizations are denied.

7.      The Agreement referenced in Paragraph 7 of the Complaint speaks for itself and no response is necessary to Plaintiff's characterizations of the Agreement. To the extent the characterizations in Paragraph 7 of the Complaint are intended to impute liability to Defendant, those characterizations are denied.

8.      The Agreement referenced in Paragraph 8 of the Complaint speaks for itself and Paragraph 8 contains legal conclusions, to which no response is necessary to Plaintiff's characterizations of the Agreement. To the extent the characterizations in Paragraph 8 of the Complaint are intended to impute liability to Defendant, those characterizations are denied.

9.      Except to admit that Schoep's provided invoices to Defendant, the remainder of Paragraph 9 of the Complaint is denied and Defendant specifically denies the accuracy of Exhibit A to Plaintiff's Complaint.

10.     Denied.

11.     Except to admit that the Receiver has made a demand for payment to Defendant, the remainder of the allegations in Paragraph 11 of the Complaint are denied.

12.     Paragraph 12 of the Complaint calls for legal conclusions to which no response is required. To the extent the allegations in Paragraph 12 of the Complaint are intended to impute liability to Defendant, those allegations are denied.

13.     The Agreement referenced in Paragraph 13 of the Complaint speaks for itself and no response is necessary to Plaintiff's characterizations of the Agreement. To the extent the characterizations in Paragraph 13 of the Complaint are intended to impute liability to Defendant, those characterizations are denied.

14.     Denied.

15.     Denied.

16.     Defendant restates and reasserts each and every prior response and affirmative defense as if fully set forth herein.

17.     The Agreement referenced in Paragraph 17 of the Complaint speaks for itself and no response is necessary to Plaintiff's characterizations of the Agreement. To the extent the characterizations in Paragraph 17 of the Complaint are intended to impute liability to Defendant, those characterizations are denied.

18.     Paragraph 18 of the Complaint calls for legal conclusions to which no response is required. To the extent the allegations in Paragraph 18 of the Complaint are intended to impute liability to Defendant, those allegations are denied.

19.     Denied.

20.     Paragraph 20 of the Complaint calls for legal conclusions to which no response is required. To the extent the allegations in Paragraph 20 of the Complaint are intended to impute liability to Defendant, those allegations are denied.

21.     Defendant restates and reasserts each and every prior response and affirmative defense as if fully set forth herein.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Defendant restates and reasserts each and every prior response and affirmative defense as if fully set forth herein.

26.     Paragraph 26 of the Complaint calls for legal conclusions to which no response is required. To the extent the allegations in Paragraph 26 of the Complaint are intended to impute liability to Defendant, those allegations are denied.

27.     Denied.

28.     Any allegation of the Complaint not admitted or otherwise responded to above, including those in the prayer for relief/ad damnum clause beginning with "WHEREFORE", is hereby denied, except that Defendant also demands a jury trial.

## AFFIRMATIVE DEFENSES

As and for separate and affirmative defenses to Plaintiff's Complaint, Defendant alleges as follows:

1.     Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

2.     Plaintiff's claims are barred, in whole or in part, by failure of consideration and/or the doctrine of modification.

3.     Plaintiff's claims are barred or limited by Schoep's Ice Cream Co. Inc.'s ("Schoep's") failure to mitigate its damages, if any, in whole or in part.

4.     Plaintiff's claims are barred or limited to the extent Defendant has already made payments to Plaintiff, Schoep's, or Schoep's creditors on the subject claim, which have been accepted and retained by Plaintiff, Schoep's, Schoep's creditors, or their agents, assignees, receivers, and/or successors in interest.

5.     Defendant at all times acted in good faith and without malice or any intent to cause harm to Schoep's.

6.     Plaintiff's claims and his corresponding requests for relief are barred, in whole or in part, by Schoep's own conduct, contractual breaches, fault, and unclean hands.

7.     The claims asserted in the Complaint and the requests for relief are barred, in whole or in part, because Schoep's has not suffered any damages attributable to Defendant.

8.     Plaintiff's claims are barred to the extent Plaintiff and/or Schoep's failed to comply with all conditions precedent in all contracts applicable to Plaintiff's claims and/or any relationship between Schoep's and Defendant.

9.     Plaintiff's claims against this Defendant are barred by reason of release, payment, accord and satisfaction, ratification, recoupment, offset, settlement, compromise, and/or novation.

10.     Plaintiff's claims against this Defendant are barred by reason of waiver, estoppel, laches, and/or res judicata.

11.     Plaintiff's claims against this Defendant are barred by reason of rescission.

12.     Plaintiff's claims against this Defendant are barred by reason of mootness.

13.     Plaintiff's claims against this Defendant are barred by reason of the statute of frauds.

14.     Plaintiff's claims against this Defendant are barred by reason of improper party.

15.     Defendant fully, properly, and faithfully performed and complied with any and all duties and/or obligations owed to Schoep's, through contract or otherwise.

16.     Defendant asserts all available defenses contained within the terms of all contracts applicable to Plaintiff's claims.

17.     Plaintiff's claims are barred, in whole or in part, due to error and/or mistake.

18.     Defendant hereby gives notice that it intends to rely upon any other defenses or affirmative defenses that may become available or appear during the course of this case, and hereby reserve its rights to amend its Answer to assert any such additional defenses or affirmative defenses.

## DEFENDANT HIGH ROAD CRAFT ICE CREAM, INC.'S COUNTERCLAIMS AGAINST PLAINTIFF, ON BEHALF OF SCHOEP'S ICE CREAM CO. INC.

Having fully Answered, High Road Craft Ice Cream, Inc. ("High Road") assumes the role of Counter-Plaintiff and asserts the following Counterclaims against Counter-Defendant Michael S. Polsky, Esq., appointed Wisconsin Statutes Chapter 128 Receiver on behalf of Schoep's Ice Cream Co., Inc. ("Schoep's").

## PARTIES

1.     Counter-Plaintiff is a foreign corporation organized and existing under the laws of Georgia.

2.     Counter-Defendant is the Receiver, a Wisconsin citizen, appointed by the Circuit Court of Dane County, pursuant to Chapter 128 of the Wisconsin Statutes, to act on behalf of Schoep's and Schoep's creditors, and is named herein solely in his capacity as Receiver for Schoep's.

3.     Pursuant to Federal Rule of Civil Procedure 13 and 28 U.S.C. § 1332, this Court has jurisdiction over the parties and counterclaims asserted herein.

## FACTS

4.     On or about February 21, 2019, Schoep's, as Manufacturer, entered into a Manufacturing Agreement (the "Agreement") with High Road, as Purchaser, wherein Schoep's agreed to manufacture frozen confection products in accordance with specific Product Specifications and ship such products pursuant to Shipping Orders provided by High Road for the parties' agreed-upon pricing.

5.     Per the Agreement, High Road provided Schoep's forecasts detailing High Road's requested production requirements for frozen confection products on an annual and on a rolling thirteen (13) week basis during the contract term, with High Road updating such forecasts as needed.  Pursuant to High Road's forecasts, Schoep's was required to schedule production runs to correctly manufacture frozen confection products required by High Road to complete High Road's sales contracts with High Road's retail partners.

6.     Per the Agreement, once High Road submitted purchase order to Schoep's, Schoep's was required to manufacture the frozen confection products and ship the frozen confection products to High Road's retail partners pursuant to High Road's Shipping Orders to Schoep's.

7.     Per the Agreement, the total price to be charged High Road for Schoep's manufacture of frozen confection products consisted of the actual product cost to manufacture the products using the specified ingredients in the amounts and manner required by the product specifications set forth in the Agreement, a fixed plant loss factor subject to adjustment only by mutual agreement between the parties, and a capped processing fee.

8.     Per the Agreement, Schoep's was required to manufacture High Road's frozen confection products and conduct Schoep's business in a manner that would maintain High

Road's established reputation with High Road's consumers and business partners, and avoid practices that would reflect unfavorably on High Road.

9.      Per the Agreement, Schoep's is required to indemnify and hold High Road harmless for all claims, demands, costs, damages, expenses, and losses, including legal fees and out-of-pocket expenses arising out of or in connection with any defect in the manufacturing process of any frozen confection products manufactured by Schoep's; wrongful conduct of Schoep's or its employees or agents; or Schoep's breach of or non-compliance with its obligations under the Agreement.

10.     Per the Agreement, High Road or Schoep's may terminate the Agreement if the other party shall be in default of any obligation under the Agreement by giving the party in default written notice of at least thirty (30) days specifying such default and stating that the Agreement will terminate at the expiration of thirty (30) days from receipt of such notice, unless such default is cured within the thirty (30) day time period.

11.     Per the Agreement, High Road may terminate the Agreement if Schoep's discontinues its business.

## <u>BREACH OF CONTRACT</u>

12.     High Road repeats and alleges paragraphs 1 through 11 of its Counterclaim as if fully set forth herein.

13.     High Road and Schoep's entered into a binding contract pursuant to the terms of the Agreement, wherein Schoep's agreed to manufacture frozen confection products in accordance with explicit Product Specifications and High Road's forecasts, and ship conforming products to High Road's retail partners pursuant to High Road's Shipping Orders for the parties' agreed-upon pricing.

14.     Despite High Road performing its obligations under the Agreement and submitting forecasts and Shipping Orders to Schoep's, Schoep's failed to manufacture and ship frozen confection products conforming to the Product Specifications to High Road's retail partners as required by the Agreement, and instead discontinued its business.

15.     Schoep's is in breach of the Agreement, and such breach has cost High Road monetary damages to overcome Schoep's breach and has damaged High Road's reputation with High Road's business partners, the business community, and consumers.

**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

16.     High Road repeats and alleges paragraphs 1 through 15 of its Counterclaim as if fully set forth herein.

17.     The Agreement, like every contract, includes the implied covenant of good faith and fair dealing.

18.     Schoep's interfered with High Road's ability to perform under the Agreement by intentionally submitting invoices with incorrect information, including pricing, and intentionally refusing to correct such invoices so that High Road could pay amounts due and perform under the Agreement without interference.

19.     Schoep's acts of interference with High Road's ability to perform under the Agreement are additional intentional acts separate and apart from Schoep's acts of breach under the Agreement.

20.     As a result of Schoep's intentional acts, Schoep's breached the covenant of good faith and fair dealing causing High Road damages.

WHEREFORE, High Road Craft Ice Cream, Inc. demands judgment against Plaintiff, on behalf of Schoep's Ice Cream Co. Inc., in an amount in excess of $2,100,000.00 for High Road's

special damages, plus pre-judgment interest, costs, attorneys' fees, and any other such relief as the Court deems proper.

COUNTER-PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ITS

COUNTERCLAIMS

Respectfully submitted this 9th day of March, 2020.

STAFFORD ROSENBAUM LLP

By *Electronically signed by Kurt M. Simatic*
Ted Waskowski
Kurt M. Simatic
222 West Washington Ave.
Post Office Box 1784
Madison, WI  53701-1784
Telephone: 608.256.0226
Fax: 608.259.2600
Email: twaskowski@staffordlaw.com
Email: ksimatic@staffordlaw.com

*Attorneys for Defendant High Road Craft Ice Cream, Inc.*